See preceding case.

## Penna. Railroad Co. *v.* Phila. Belt Line Railroad Co., Appellant.

## Clyde et al. *v.* Phila. Belt Line Railroad Co., Appellant.

## Burton *v.* Phila. Belt Line Railroad Co., Appellant.

## City of Phila., Trustee under Will of Stephen Girard, *v.* Phila. Belt Line Railroad Co., Appellant.

## Paxson et al., Trustees, *v.* Phila. Belt Line R. R. Co., Appellant.

## Del. & Schyl. Market Co. *v.* Phila. Belt Line R. R. Co., Appellant.

## Cope et al. *v.* Phila. Belt Line Railroad Co., Appellant.

## Winsor et al. *v.* Phila. Belt Line Railroad Co., Appellant.

*Preliminary injunction—Railroad.*

A preliminary injunction having been granted against the laying of a railroad track on Delaware avenue, Philadelphia, and the case involving the following questions: (1) The right of a railroad to be located longitudinally upon a public street, or (2) so as to cross or obstruct access to a public wharf (3) without the owner being entitled to compensation or security before the wharf is taken or injured; (4) if such taking or injury may be authorized under the laws of Pennsylvania, is it not forbidden by the laws of the United States as an interference with commerce; (5) the effect of the provisions of the will of Stephen Girard, together with the

action taken by the state and city under them : *Held*, that the court would not consider these questions until final hearing, leaving the preliminary injunction undisturbed until then.

Argued March 21 and 22, 1892.   Appeals, Nos. 199, 200, 347, 348, 349, 350, 351, 352, Jan. T., 1892, by defendant, from decrees of C. P. No. 3 Phila. Co., Sept. T., 1891, Nos. 661, 840, 764, 853, 854, 852, 855 and 848.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bills for injunction.

The bill filed by the Penna. Railroad Co. was in its own right and as lessee of the Phila. & Trenton Railroad Co. and of the River Front Railroad Co.   The bill alleged that the defendant had received a permit from the board of highway supervisors of the city of Philadelphia by virtue of the ordinance of December 26, 1890, to lay a track of railroad on Delaware Avenue from Callowhill street to Queen street and had commenced to lay said track ; that said track would pass the property of the Penna. Railroad Co., used as a warehouse, and wharf property in its possession as lessee of the Phila. & Trenton Railroad Co. ; that Delaware avenue, from Vine street on the north to South street on the south, prior to 1831 was private estate improved by wharves or piers along the river front ; that by the will of Stephen Girard, probated in 1831, the sum of $500,000 was bequeathed to the city of Philadelphia in trust inter alia " to lay out, regulate, curb, light, and pave a passage or street on the east part of the city of Phila., fronting the river Delaware, not less than 21 feet wide and to be called Delaware avenue, extending from South street to Vine street ; " that by another provision of said will, Mr. Girard bequeathed to the commonwealth of Pennsylvania $300,000, for the purpose of internal improvement by canal navigation, to be paid into the state treasury as soon as such laws shall have been enacted by the constituted authorities of the said commonwealth as should be necessary to carry into effect the making, paving, etc., of Delaware avenue ; that the commonwealth by act of March 24, 1832, enacted such legislation and thereafter the sum of $300,000 was paid to the commonwealth ; that under such laws and by reason of said bequests, Delaware avenue was open to the width of 25 feet, chiefly at the expense of said bequest ;

that under the act of April 16, 1858, Delaware avenue was widened to the extent of 50 feet, $90,000 of the expense of so doing having been paid out of the fund bequeathed as aforesaid ; that the Phila. & Trenton Railroad Co. dedicated to the city for the purpose of such widening as much of its property as was required.   The bill also averred that the River Front Railroad Co., by virtue of an ordinance of May 31, 1877, and subject to a decree procured at the instance of the directors of city trusts in C. P. No. 2, Phila. Co., June T., 1887, No. 411, had already laid a track on said avenue over part of the distance in question.   The bill alleged injury to the plaintiff in its three capacities and prayed for an injunction against the defendant laying any tracks on Delaware avenue between Vine and South streets until it should have procured the assent of the directors of the city trusts, who, by virtue of the act of June 30, 1869, have the administration of the estate of Stephen Girard ; and against laying said track along the property of the Pennsylvania Railroad without making compensation for the injury thereto.

The other bills were by owners of property fronting on Delaware avenue.

The court below, after hearing on affidavits and argument, granted an injunction in each case.

*Errors assigned,* were (1) granting and (2) continuing the injunctions (3) without condition ; (4) not dissolving the injunctions and (5) not providing a mode for entering security for damages and (6) ordering a dissolution of the injunctions upon defendant entering security for payment of damages accruing to complainants from property taken, injured or destroyed by the construction of defendants' works.

*George S. Graham* and *Thomas Hart, Jr.*, for appellants.

*David W. Sellers, S. S. Hollingsworth, R. C. McMurtrie, Morton P. Henry, W. W. Porter, F. Carroll Brewster*, with them *Henry R. Edmunds, Francis E. Brewster, H. LaBarre Jayne* and *Frederick J. Geiger*, for appellees.

OPINION BY MR. JUSTICE WILLIAMS, May 16, 1892 :

These are appeals from decrees awarding preliminary injunctions.   They involve the same general questions, modified, to some extent, by circumstances peculiar to each case ; and they may be summarized as follows, viz. :

1st. Can a railroad be lawfully located upon a public street in such manner as to occupy it longitudinally without an express legislative permission?

2d. Can a railroad be lawfully located so as to cross or obstruct access to a public wharf?

3d. If such location upon or so near a wharf as to obstruct access can be lawfully made, is not the owner entitled to compensation or security therefor before the wharf can be taken or injured by the railroad company?

4th. If such taking or injury may be authorized under the laws of this state, is it not forbidden by the laws of the United States, as an interference with commerce?

5th. Do the provisions of the will of Stephen Girard, together with the action taken by the state and city under them, make a contract which limits the power of both state and city over Delaware avenue, and which requires that nothing shall be authorized or permitted upon that thoroughfare that shall obstruct, in any manner, the ordinary methods of access to the wharves along its river front?

6th. If such contract exists restricting the power of the city over Delaware avenue, is a steam railroad running longitudinally over it, in the manner proposed by the appellant and now authorized by the city, such an obstruction of it as is forbidden by the contract?

The first, second and third of these questions arise wholly under the laws of the state, and the decision of this court would be a final disposition of them. The remaining questions wear a federal aspect. They touch subjects upon which an appeal lies from our judgment to the Supreme Court of the United States. We might dispose of the questions upon which the parties would be concluded by our action, but that would not dispose of the case; the other questions remain. The consequences that hang upon them are far reaching; the interests they involve are of vast magnitude. A decision upon them adverse to the right of the appellant, under its grant from the city, because adverse to the power of the city over Delaware avenue, would not only close that street against the contemplated belt line road, but it might close it against any similar project in time to come. It might reach even further than this, and leave existing roads occupying any part of the avenue

longitudinally without legal right to remain upon it, and so render their removal necessary. Under such circumstances, it is very plain that, before these questions are submitted to the high tribunal whose decision is to settle them, they should be prepared for final hearing. The facts that bear upon them should be definitely settled by the action of a master and of the court below. We should know the effect of the road upon the wharves, upon the highway, upon the ordinary modes of access to the river front, and whether it will be an obstruction to, or help in, the convenient transaction of business passing into or out of the city by way of the river. All the facts necessary to a full understanding of the questions being thus fully investigated and determined, the questions may be wisely, as they will be finally, decided. The delay necessary will be short, and the little time thus spent will be a wise economy in the end. After a careful consideration of the whole subject we are of opinion that the interests of all the parties, the litigants, the city, and the tradesmen who use Delaware avenue as the way to the river front, will be best subserved by leaving the preliminary injunction undisturbed until the case can be reached for final hearing.

It is accordingly so ordered.